**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **THERESA BROSMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-01387** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PRIDE STAFFING LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Theresa Brosman ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Pride Staffing LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.    Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.     A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR").  (Attached hereto as Exhibit "A").

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.     At all times material to the allegations of this Complaint, Plaintiff, Theresa Brosman, resides in McLean County in the State of Illinois.

8.     At all times material to the allegations in this Complaint, Defendant, Pride Staffing LLC, is a company doing business in and for McLean County whose address is 902 IAA Drive Ste. 2C, Bloomington, IL 61701.

9.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## <u>BACKGROUND FACTS</u>

11.    On or about June 14, 2023, Plaintiff was hired by Defendant as a Cleaning Crew member.

12.    Plaintiff is currently employed by Defendant in this capacity.

13.    Plaintiff is female and is a member of a protected class because of her sex.

14.    Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

15.    During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas, as she did not receive any negative performance remarks or write-ups.

16.    On or about June 16, 2023, as Plaintiff was boarding a golf cart with the other members of the Cleaning Crew, her coworker, Jerome (LNU), grabbed and squeezed her buttocks.

17.    Plaintiff, completely taken aback and disgusted by Jerome's actions, asked him why he had touched her without permission.

18.    Jerome shamelessly stated that he "just had to get his fill."

19.    This comment made Plaintiff feel even more repulsed, as it was clear that Jerome purposefully touched her and had no remorse for this unwanted physical contact.

20.    Therefore, Plaintiff immediately engaged in protected activity and reported the incident to her supervisor, Jim (LNU).

21.    Jim took no action to help Plaintiff other than instructing her to tell Defendant Pride Staffing what had occurred.

22.    The following morning, Plaintiff reached out to Defendant and spoke with Eve (LNU).

23.    Plaintiff provided Eve with a detailed accounting of the harassment and assault she had experienced at the hands of her coworker, Jerome.

24.    Instead of taking any action to help Plaintiff, remedy the situation, or protect her from her harasser, Defendant immediately began retaliating against Plaintiff for making a complaint of sexual harassment.

25.    Her very next shift, Plaintiff was assigned to work alongside her harasser.

26.    Thereafter, her hours were reduced and Plaintiff was offered less jobs.

27.    In contrast, her harasser, Jerome, did not have his hours changed or reduced.

28.    Other similarly situated, non-female employees, also did not have their hours or jobs reduced.

29.    For example, Plaintiff's significant other (male) also works for Defendant continues to receive jobs and work requests, while Plaintiff does not.

30.    Plaintiff has not received a work assignment since June 18, 2023.

31.    Every time that Plaintiff calls to complain and inquire as to why she is not receiving shifts, Defendant states that there are no available shifts for her.

32.    This leads Plaintiff to strongly suspect that her lack of work opportunities is a direct result of her sex, and of her reporting the sexual harassment she was subject to.

33.    Thus, Plaintiff has suffered an adverse employment action, specifically reduction of hours and denial of work opportunities, after engaging in protected activity.

34.    Defendant showed no sympathy or remorse for the sexual harassment and assault

they allowed to take place.

35.     This egregious retaliation has caused Plaintiff lost wages and severe emotional distress.

36.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisor, Jim (LNU), as well as Defendant about the harassment.

37.     Further, there is employer liability for the sex-based discrimination and sexual harassment, as the harassment was committed by one of Defendant's employees while he and Plaintiff were "on-the-clock" and Defendant had knowledge of the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

38.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40.     Defendant knew or should have known of the harassment.

41.     The sexual harassment was severe or pervasive.

42.     The sexual harassment was offensive subjectively and objectively.

43.     The sexual harassment was unwelcomed.

44.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

45.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

46.     As a direct and proximate result of the sexual harassment described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

47.     Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

48.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49.     Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as she never received write-ups or negative performance remarks.

50.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

51.     Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

52.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

53.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

54.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

55.    Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

56.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

57.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to her supervisors, Defendant, and/or Defendant's Human Resources Department, about sexual harassment and sex-based discrimination that she was subjected to.

58.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

59.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

60.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61.    In fact, Defendant actively forced Plaintiff to work with her harasser after he had assaulted her.

62.    Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to reduced hours and denial of job opportunities.

63.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

64.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of October, 2023.

/s/Alexander J. Taylor, Esq.
Alexander J. Taylor, Esq.
IL Bar No. 6327679
Nathan C. Volheim, Esq.
IL Bar No. 6302103
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*